LittletoN, Judge,
delivered the opinion of the court:
The sixteen forced draft blowers involved in this proceeding were designed and manufactured under a contract between the plaintiff and the defendant for use on the cruisers Chicago and Louisville. Plaintiff’s plant was located at Boston, Massachusetts, and the points of delivery and final inspection and acceptance were the Navy Yards of Mare Island, California, and Puget Sound, state of Washington. The draft blowers were, under the contract, to be delivered March 1, 1929, but they were not completed and delivered until 1930. Eight of the blowers were delivered on June 15,, seven on August 9, and one on September 15, 1930. Upon receipt of the blowers on the west coast, they were inspected and tested for defects and accuracy of operation. At the time of manufacture of these blowers, plaintiff did not have-at its plant the proper equipment for testing the blower-units for balance. During the process of manufacture plaintiff experienced considerable difficulty in manufacturing bearings of the metal specified so that the bearings-would not overheat or become scored. Naval inspectors, with headquarters at the Boston Navy Yard, were' assigned' to inspection duty at plaintiff’s plant to inspect the manufacture and operation tests of these blowers. The inspection, of the completed blowers for balance at plaintiff’s plant could only be made by the inspector by placing his hand upon the blower while it was being operated and, after being: *105 so operated, the inspector made the usual examination to determine whether any of the bearings became excessively heated during such operating tests. The local government inspector, upon the tests made for him at plaintiff’s plant, concluded that the blowers were satisfactory and did not unduly vibrate or overheat. But, after the blowers were assembled and operated at plaintiff’s plant for the purpose of final inspection and test by the local inspector, such inspector made no examination of the blowers for the purpose of determining the condition of the oil lines or bearings after such test, and none of the parts of the blowers was opened or disassembled for inspection to determine the results of such test. The local inspector assigned to plain-
■ tiff’s plant approved the blowers for shipment to the Navy Yards at Mare Island and Puget Sound.
Upon arrival at destination the blowers were given a steam test and also tested for balance, as was customary, and were otherwise finally inspected as to material and workmanship. The fans of all blower units when properly tested were found to be unduly out of balance. It was also found that the oiling system was clogged with foreign matter; that some bearings were badly scored and became overheated; that some of the sha,fts were misaligned and that there were some items of inadequate machine work. Upon finding these conditions, the naval officers in charge at the Navy Yards, pursuant to authority and direction of the Bureau of Engineering of the Navy Department, had the defects corrected by the employees, and with machinery, equipment, and material at the Navy Yards after plaintiff had been duly notified and advised of the conditions found to exist. The response of plaintiff to this advice is contained in plaintiff’s letter to the inspector of naval material at the Boston Navy Yard, set forth in finding 5. The conditions mentioned were corrected by the defendant and the reasonable cost of doing so was deducted from the total contract price when final payment was made. This was due to the fact that plaintiff did not have at its plant adequate equipment for properly testing the blowers for balance and for bringing them into proper balance; the fact that the blowers were not delivered until more than a year after the contract delivery date, *106 and were badly needed for Installation on the cruisers in which they were to be used in order that the construction of the cruisers might be completed; that the defects discovered, and necessary tof be remedied, could be corrected' more promptly and at less expense to plaintiff than could be accomplished by rejecting the blowers because not conforming to the provisions of the contract and specifications-as to workmanship and material. Plaintiff was paid $69;-016.45, which was the contract price of $75,640 less $6,623.55-,. the amount which it was necessary for the defendant to expend to correct the difficulties mentioned.
In these circumstances we are of opinion that there was-no unwarranted deviation from the terms of the contract and specifications by the defendant in remedying and correcting the defects found to exist in the blowers upon delivery at destination. Upon being advised of the condition, plaintiff did not offer to correct the trouble and put the blowers in an acceptable condition as required by the contract and specifications. Plaintiff was already more than a year late in its deliveries and was not entitled to insist upon further delay. Plaintiff now contends that under the terms of the contract the defendant was only permitted to reject the blowers, if, upon final inspection at destination, they were found not to be acceptable or in-accordance with the terms of the contract and specifications,, and that it had no authority under the contract or specifications to disassemble the blowers and make repairs or changes therein. No mechanical changes were made and charged to plaintiff. The contract did not expressly provide-that defendant perform the work necessary to correct the defects mentioned, and, while changes in a manufactured article may not arbitrarily be made by the defendant and charged to the contractor’s account, we think, in the circumstances, it had the right to remedy the conditions and defects in question since the plaintiff was not properly equipped to test and correct the machines for balance and did not offer to remedy the other conditions. The contract did not contemplate that the blowers would be delivered in the condition in which they were received. The plaintiff has-submitted no proof to show that it has sustained any damage- *107 by reason of the action of the defendant or that the work performed upon the blowers by the defendant, and necessary to be performed in order that they might conform to the requirements of the contract and specifications, was greater than the cost for which plaintiff could have corrected such conditions if the blowers had been rejected.
We are of opinion that plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.
Williams, Judge; Green, Judge; and Whaley, Chief Justice, concur.
Whitaker, Judge, took no part in the decision of this case.